UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x
UNITED STATES OF AMERICA
    -v-

ANTHONY GULSTON

-------------------------------------x

JUDGMENT INCLUDING SENTENCE
UNDER THE SENTENCING REFORM ACT

CASE NUMBER: CR-03-1368(ARR)
JOYCE B. DAVID, ESQ
16 COURT STREET, SUITE 3601
BROOKLYN, NEW YORK 11241
Defendant's Attorney & Address

THE DEFENDANT:
XXX was found guilty on counts three & four and five of the superseding indictment a plea of not guilty.
    Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| 21 USC 952(a), 963, 960(a)(1) & 960(b)(4) | CONSPIRACY TO IMPORT LESS THAN 50 KILOGRAMS OF MARIJUANA. | THREE (3) |
| 21 USC 846, 841(a)(1) & 841(b)(1)(D) | CONSPIRACY TO DISTRIBUTE & POSSESS WITH INTENT TO DISTRIBUTE LESS THAN 50 KILOGRAMS OF MARIJUANA. | FOUR (4) |

The defendant is sentenced as provided in pages 2 through ___ of this Judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
___ The defendant has been found not guilty on count(s) ___ and is discharged as to such count(s).
XXX Remaining counts are dismissed on the motion of the United States.
XXX It is ordered that the defendant shall pay to the United States a special assessment of $200.00 which shall be due XXX immediately ___ as follows:

It is further ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec # _____

Defendant's Date of Birth 2/15/73

Defendant's Mailing Address:

88-44 75th STREET

WOODHAVEN, NEW YORK 11421

Defendant's Residence Address:

( SAME AS ABOVE )

APRIL 12, 2006
Date of Imposition of Sentence
ARR

ALLYNE R. ROSS, U.S.D.J.

APRIL 12, 2006
Date

A TRUE COPY ATTES
Date: _____
ROBERT C. HEINEMANN
CLERK OF COURT

By: _____
DEPUTY CLERK

Defendant: ANTHONY GULSTON
Case Number: CR-03-1368(ARR)

Judgment - Page     of

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of a year and a day. Both counts of the superseding indictment are to run concurrently.

___ The Court makes the following recommendations to the Bureau of Prisons:

___ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district,

    ___ at _____ a.m./p.m. on _____.
    ___ as notified by the Marshal.

**XXX** The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

    **XXX** before 12:00 noon on 5/23/06.
    ___ as notified by the United States Marshal.
    ___ as notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____
_____, with a certified copy of this Judgment.

_____
United States Marshal

By_____

Defendant: ANTHONY GULSTON
Case Number: CR-03-1368(ARR)

Judgment - Page     of

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1) DEFT SHALL NOT POSSESS ANY FIREARMS.

___ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

Defendant: ANTHONY GULSTON
Case Number: CR-03-1368(ARR)                                              Judgment - Page of

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

Defendant: ANTHONY GULSTON
Case Number: CR-03-1368(ARR)

Judgment - Page      of

## FINE WITH SPECIAL ASSESSMENT

The defendant shall pay to the United States the sum of $ 200.00    , consisting of a fine of $   N/A    and a special assessment of $ 200.00    .

___ These amounts are the totals of the fines and assessments imposed on individual counts, as follows:

This sum shall be paid ___ immediately
                       ___ as follows:

**XXX** The Court has determined that the defendant does not have the ability to pay any fines, cost of confinement or supervision.

___ The interest requirement is waived.
___ The interest requirement is modified as follows:

1    THE COURT:  Turning first to the advisory
2  guidelines, the parties do not dispute that defendant's base
3  offense level is 18 as his offenses of conviction involved an
4  attempted importation of 35.4 kilograms of marijuana.
5           Although not recommended by the probation
6  department, I am also inclined to conclude that in the
7  circumstances of this case, Mr. Gulston is entitled to a minor
8  role reduction.
9           The particular marijuana conspiracy at issue here
10 was orchestrated by Gary Lall with a Jamaican marijuana
11 supplier.  Lall was to import 80-pounds of marijuana into the
12 United States from Jamaica via an American Airlines flight
13 within hollow wooden blocks that were part of a cargo shipment
14 of pepper sauce.
15          Lall recruited Gullston, a supervisor of the
16 American Airlines warehouse where cargo shipments were stored,
17 possibly to "pull" the cargo shipment containing the marijuana
18 or to transport the pallet from the warehouse to a Lall
19 associate or to provide Lall or an associate with access to
20 the pallet at the warehouse.
21          Ultimately, Gullston performed none of these
22 functions because the shipment was seized by Customs as soon
23 as the plane arrived at JFK.
24          In the context of the conspiracies that have formed
25 the prosecutions in this case, the government and probation

1  department have routinely accorded minor role reductions and
2  sometimes even greater role reductions to defendants whose
3  participation was restricted to ground transportation of
4  shipments, especially absent evidence that defendants were
5  even privy to the size of the shipment to be moved.
6       In this regard, I believe this assessment to be in
7  accord not only with the treatment of defendant's
8  coconspirators in this case, but also with the treatment of
9  similar defendants in similar conspiracies nationwide.
10      There is no evidence of what, if any, benefit
11 Mr. Gulston was to received for his assistance with the
12 shipment.  Rather, the evidence of defendant's role in the
13 conspiracy of conviction is limited to storage or ground
14 transportation of a shipment known to contain some amount of
15 marijuana.
16      I therefore conclude that defendant's adjusted
17 offense level is 16, which with a criminal history category of
18 one carries a range of imprisonment under the advisory
19 guidelines of 21 to 27 months.
20      Although I have considered this advisory guideline,
21 I note that based on my view of the limitations of defendant's
22 role in the offense as well as other reasons to be explained,
23 my perspective on an appropriate sentence for the defendant
24 under 3553(a) would not be altered even if I had chosen not to
25 accord him a role reduction under the advisory guidelines.

On the other hand, in considering the nature and circumstances of the offense, I have in the case of Mr. Gullston like other airport employees considered as an exacerbating factor the fact that he made use of his job position at JFK airport in committing the crimes of which he was convicted.

Although I found the government failed to present evidence sufficient to find by a preponderance that law enforcement authorities in fact reposed trust in the airport employees, a finding essential to impose the abuse of trust enhancement under the advisory guidelines, there is ample evidence in the record to establish that defendant took advantage of his job in committing these offenses, a job that though not established to be a repository of trust by law enforcement is nonetheless a highly sensitive one in our society due to the enhanced societal dangers posed by corruption at a major international port or airport such as JFK.

Beyond that, however, no circumstances aggravate the seriousness of defendant's offense. As noted, defendant's role was less serious than most participants in similar ventures.

Further, like his coconspirators in this case, his offense conduct was not aggravated by weapons use or other violent conduct.

1        Turning to the history and characteristics of the
2   defendant, Mr. Gulston is a 37 year old naturalized citizen of
3   the United States. Although approximately one year of
4   unemployment followed his arrest, he has since acquired at
5   least part-time employment in sales at a Home Depot and
6   several months ago he started taking culinary classes at the
7   Art Institute of New York City.
8        It's also of significance that the record, as not
9   disputed at this point in time, established that he was
10  subjected to victimization as a result of his sexual
11  orientation when incarcerated in May of last year for a five
12  week period causing the Bureau of Prisons to place him in a
13  special house unit for his own protection.
14       Both potential victimization when incarcerated and
15  the preventive measures taken by the Bureau of Prisons which
16  necessarily result in more harsh conditions of confinement are
17  considerations in assessing an appropriate sentence in
18  defendant's case.
19       And let me say that notwithstanding the defendant's
20  weight and size, even absent this very specific evidence, I
21  would have taken this concern into consideration.
22       Given all of the facts and circumstances pertaining
23  to the defendant and his offense, I believe that a sentence of
24  a year and a day is sufficient but not unduly severe to
25  accomplish the goals of sentencing enumerated in Section

1  3553(a). Although participation in a narcotics importation
2  conspiracy is undoubtedly a serious crime, the limited nature
3  of defendant's role somewhat mitigates the seriousness of his
4  conduct rendering the selected sentence one which I believe
5  will serve the goal of just punishment and promote respect for
6  the law.
7       Further, the facts and circumstances of defendant's
8  case point to a low risk of recidivism supporting the
9  conclusion that the selected sentence insures protection of
10 the public from further crimes of the defendant. Moreover,
11 because it is hardly an insubstantial term of incarceration,
12 it promotes the goal of general deterrence of criminal conduct
13 in this regard. I believe it is of sufficient severity to
14 serve as a deterrent to other airport employees who might
15 otherwise succumb to the temptation to corrupt their sensitive
16 positions for pecuniary gain. At the same time, the selected
17 sentence acknowledges the enhanced punishment that defendant
18 will likely suffer in prison due to his particular personal
19 characteristics and circumstances.
20      For the same reason, it insures that the sentence
21 imposed will not engender unwarranted sentencing disparities.
22      Accordingly, I sentence Mr. Gulston to the custody
23 of the Attorney General for a period of a year and a day, to
24 be followed by a three year period of supervised release with
25 special condition prohibiting the possession of a firearm.

1        I make a finding that he is unable to pay a fine but
2   I will impose the mandatory 200-dollar special assessment and
3   the incarceratory portion of the sentence runs concurrently on
4   counts three and four.
5        Mr. Gulston, as you know, you are entitled to appeal
6   both the conviction and the sentence.  A notice of appeal must
7   be filed within 10 days.
8        Undoubtedly, Ms. David will continue to represent
9   you on appeal.
10       MS. DAVID:  Two questions, if I may.
11       I'm assuming he will be reporting to MDC.
12       THE COURT:  I'm assuming that is the case, too,
13  because of the length of his sentence.
14       MS. DAVID:  I actually haven't ever had this come up
15  so if I sound stupid, please forgive me.  In terms of bail
16  pending appeal, is that something that I can address to
17  your Honor?
18       THE COURT:  He can report.  I assume they still have
19  to designate him.
20       Is that correct?
21       THE CLERK:  Yes.
22       THE COURT:  So he will be designated.
23       MS. DAVID:  I understand that, but as a separate
24  issue, in terms of bail pending appeal, is that something that
25  I address to your Honor?

18

1      MR. D'ALESSANDRO:  The statute mandates remand.

2      MS. DAVID:  At this point I don't believe that is
3   accurate.

4      MR. D'ALESSANDRO:  On conviction of a narcotics
5   offense -- your client rather benefited from the Rule 29, so
6   it was less than I think a zero to 20, but at this point I
7   believe the statute specifically with regards to appeal --

8      THE COURT:  I tell you what, I don't have the
9   statute here.

10     MS. DAVID:  I understood he would have time to
11  surrender.

12         According to my more senior counsel, if the
13  government doesn't ask for it, your Honor doesn't have to do
14  it.  And I would like to ask for the opportunity for him to
15  surrender, get his affairs in order.

16         Perhaps he needs to do something with regard to
17  withdrawing from his classes.  People have put out money for
18  scholarships.

19     THE COURT:  How long does he need?

20     MS. DAVID:  Can we have a month?

21     MR. D'ALESSANDRO:  I believe the surrender date is
22  May 23rd.

23     MS. DAVID:  That is a little more than a month.

24     MR. D'ALESSANDRO:  It's not a question whether the
25  government has been requesting it, your Honor has stated that

ALLAN R. SHERMAN, CSR, RPR  Official Court Reporter
United States District Court  Eastern District of New York

1  she has been giving people surrender dates.

2  THE COURT: I have been.

3  MR. D'ALESSANDRO: This record does not have the benefit of reflecting all the prior records. I'm just stating it for the record.

Judge, to the extent that the defendant was convicted of a superseding indictment, to the extent there are underlying indictments, we ask that they be dismissed.

THE COURT: The application is granted.

MS. DAVID: Your Honor, I would ask, he is just a little flustered right not but he would like to be able to at least finish this term in school. His new term begins in June, so there is a good chance this one ends some time around that time.

I just would like the opportunity to come back to your Honor if it's just a matter of a week or two to extend the time for him to surrender.

THE COURT: He can come back to me. If the new term starts in June, it's a difference of a week so come back to me.

MS. DAVID: So that he can at least get that under his belt.

THE COURT: Come back to me.

MS. DAVID: Thank you very much.

(Matter concluded.)

ALLAN R. SHERMAN, CSR, RPR   Official Court Reporter
United States District Court   Eastern District of New York